IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| AMY NICHOLE YOAKAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-cv-00377-RAH |
| | ) | |
| ANTHONY WAYNE DUDLEY, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Amy Nichole Yoakam was injured in an August 2025 automobile collision and sued the allegedly at-fault driver, Anthony Wayne Dudley, together with her own underinsured-motorist carrier, State Farm Mutual Automobile Insurance Company ("State Farm"), in the Circuit Court of Montgomery County, Alabama. State Farm removed the action to this Court, invoking diversity jurisdiction under 28 U.S.C. § 1332. Because the notice of removal did not establish that the amount in controversy exceeds $75,000, the Court *sua sponte* ordered State Farm to show cause as to why the case should not be remanded. Having reviewed the parties' submissions, and mindful of its independent obligation to police the boundaries of its own jurisdiction, the Court concludes that State Farm has not carried its burden. The action is therefore due to be remanded to the Circuit Court of Montgomery County, Alabama.

## BACKGROUND

According to the Complaint, on August 6, 2025, Yoakam was driving south on Morrow Drive through its intersection with the Southern Boulevard in

Montgomery County, Alabama, when Dudley, traveling west on the Southern Boulevard, ran a red light and struck the driver's side of her vehicle. (Doc. 1-2 at 3.) Yoakam alleges that she was injured as a result. (*Id.*)

Yoakam filed suit in the Circuit Court of Montgomery County on April 23, 2026. (Doc. 1-2.) The Complaint pleads two counts. Count I asserts a negligence claim against Dudley. (*Id.* at 3–4.) Count II asserts a claim against State Farm, Yoakam's underinsured-motorist ("UIM") carrier, for benefits under a State Farm insurance policy. (*Id.* at 4–5.) The Complaint describes Yoakam's damages in general terms: physical injuries; past and future physical pain and suffering; past and future medical expenses; emotional distress and mental anguish; lost money; and lost wages. (*Id.* at 4.) It does not allege a specific sum of damages. Instead, the prayer for relief following each count demands "such amount of compensatory damages[] a jury deems reasonable and may award, plus interest[] and costs." (*Id.* at 4–5.) The Complaint does not seek punitive damages.

State Farm was served on April 29, 2026, and removed the action to this Court on May 14, 2026. (Doc. 1 at 2.) The notice of removal asserts complete diversity of citizenship—Yoakam is an Alabama citizen, Dudley is a Florida citizen, and State Farm is an Illinois citizen—and contends that the amount in controversy exceeds $75,000. (*Id.* at 3–6.) On the amount in controversy, the notice relied on the general nature of Yoakam's injury allegations and on her request in Count II for "all Underinsured Motorist Benefits available" under her policy. (*Id.* at 4.)

Unpersuaded that removal jurisdiction was apparent on the face of the notice, the Court entered an Order on June 18, 2026, directing State Farm to show cause why this action should not be remanded for failure to satisfy the amount-in-controversy requirement. (Doc. 5.) State Farm responded. (Doc. 6.) It submitted a declarations page for a State Farm policy issued to Yoakam and argued that, because the policy affords UIM coverage of $100,000 per person and Yoakam seeks "all

Underinsured Motorist Benefits available," the amount in controversy necessarily exceeds the jurisdictional threshold. (Doc. 6 at 2; Doc. 6-1.) Yoakam also responded and moved to remand the action to state court. (Doc. 7.) She contends that her prayer for relief seeks only the compensatory damages a jury may may award—not the policy limits—and that her damages remain indeterminate because her medical treatment is ongoing. (*Id.* at 2–3.)

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). There is a corresponding "presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Because removal implicates significant federalism concerns, the removal statutes are strictly construed, and any doubt is resolved in favor of remand. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328–30 (11th Cir. 2006); *Univ. of S. Ala.*, 168 F.3d at 411.

A federal court has an independent obligation to assure itself of its own subject-matter jurisdiction, and it must raise the question *sua sponte* whenever it appears that jurisdiction may be lacking. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Univ. of S. Ala.*, 168 F.3d at 410. Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Removal jurisdiction is proper if the action is one over which the federal courts would have original jurisdiction. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over actions arising under federal question jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction requires (1)

3

complete diversity of citizenship and (2) an amount in controversy exceeding $75,000, exclusive of interest and costs. *Id.* § 1332(a). The removing defendant bears the burden of establishing that these requirements are satisfied. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Where, as here, the plaintiff has not pleaded a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional threshold. *Id.*; 28 U.S.C. § 1446(c)(2)(B); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010).

In assessing whether that burden is met, a court may consider the notice of removal and any evidence the parties submit, and it may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010) (quotation marks omitted). A court "need not suspend reality or shelve common sense in determining whether the face of a complaint" establishes the jurisdictional amount. *Id.* at 1062 (quotation marks omitted). But the removing party's burden is an evidentiary one, and the Court may not engage in "impermissible speculation" to bridge gaps in the record. *Pretka*, 608 F.3d at 752, 754. Where a complaint supplies no facts from which the value of the claim can be measured, such that the amount in controversy could "be divined [only] by looking at the stars," remand is proper. *Id.* at 753–54 (quoting *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 (11th Cir. 2007)).

## DISCUSSION

The Court raised the question of its jurisdiction *sua sponte*, as it was obligated to do. *See Univ. of S. Ala.*, 168 F.3d at 410. Although Yoakam's response also asks the Court to remand, the Court's duty to confirm its own jurisdiction does not depend on any party's request, and the Court would reach the same conclusion on its own initiative. *See Arbaugh*, 546 U.S. at 514.

4

Complete diversity of citizenship exists, and the record establishes it. Yoakam is an Alabama citizen, Dudley is a Florida citizen, and State Farm—incorporated in and with its principal place of business in Illinois—is an Illinois citizen. (Doc. 1 at 3.) The citizenship of the fictitious defendants is disregarded. 28 U.S.C. § 1441(b)(1). Diversity is therefore not an obstacle to jurisdiction. The sole subject of the Court's show cause order, and the sole disputed question, is the amount in controversy.

Because Yoakam's Complaint demands unspecified compensatory damages, State Farm bears the burden of proving by a preponderance of the evidence that more than $75,000 is in controversy. *Williams*, 269 F.3d at 1319. State Farm has not done so.

State Farm's showing rests on a single premise: that Yoakam's request for "all Underinsured Motorist Benefits available" under a policy carrying $100,000 in per-person UIM coverage places at least $100,000 in controversy. (Doc. 6 at 3–4.) That premise conflates the ceiling of available coverage with the value of the claim actually asserted. The existence of $100,000 in available UIM coverage establishes only what Yoakam *could* recover if her damages were proven to reach that amount. It says nothing about what her damages in fact *are*. As Yoakam correctly observes, her prayer for relief does not demand the policy limits. It demands "such amount of compensatory damages a jury deems reasonable and may award." (Doc. 1-2 at 5.) The allegation that she is entitled to "all Underinsured Motorist Benefits available" is a coverage allegation—it establishes that a UIM policy exists and is triggered by Dudley's alleged underinsured status—not a demand for the maximum sum the policy could ever pay. State Farm itself quoted Yoakam's actual prayer for relief in its notice of removal (doc. 1 at 5), before recasting that language as a demand for $100,000.

5

The Eleventh Circuit has rejected the notion that the availability of coverage exceeding the jurisdictional threshold, without more, establishes the amount in controversy. A removing defendant must come forward with facts supporting its valuation of the claim; a "conclusory allegation . . . that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams,* 269 F.3d 13 at 1319. Indeed, even a plaintiff's own settlement demand for the policy limits does not, standing alone, carry the removing party's burden, because such a demand may reflect posturing rather than an honest assessment of the claim's value. *See, e.g.*, *Scalter v. State Farm Mut. Auto. Ins. Co.*, No. 26-0249-WS-M, 2026 WL 2160448, at \*1–2 (S.D. Ala. July 27, 2026); *Emps. Mut. Cas. Co. v. Parker Towing Co.,* No. 07-0684-WS-B, 2007 WL 4577705, at \*2 (S.D. Ala. Dec. 27, 2007); *Houston v. Garrison Prop. & Cas. Ins. Co.*, No. 8:14-cv-01944-EAK, 2014 WL 6469608, at \*3 (M.D. Fla. Nov. 17, 2014). If a plaintiff's demand for the policy limits would not suffice, then State Farm's inference of a policy-limits claim—drawn from a coverage allegation Yoakam expressly declined to tie to any sum—necessarily proves even less.

Beyond the policy's coverage ceiling, State Farm offers nothing. It has submitted no medical records, no medical bills, no itemization of past or future treatment costs, no lost-wage documentation, no settlement demand,[1] no interrogatory responses, and no stipulation bearing on the value of Yoakam's claim.[2]

---

[1] Oftentimes, the removing party presents a settlement demand letter that demands insurance policy limits to settle the case as evidence of the amount in controversy. State Farm does not even offer that.

[2] Indeed, the lone document State Farm submitted underscores rather than closes the gap. The declarations page State Farm attached reflects a policy period of September 17, 2024, to March 17, 2025—a term that expired nearly five months before the August 6, 2025, accident—and bears a policy number (635 9675-C17-01) different from the policy identified in the Complaint (1021073-SFP-01). (*Compare* Doc. 6-1, *with* Doc. 1-2 at 5.) The Court need not resolve what these

The Complaint's description of Yoakam's damages—physical injuries, pain and suffering, emotional distress, medical expenses, and lost wages—is stated in the general terms common to negligence pleadings and is unaccompanied by any figure. (Doc. 1-2 at 4.) The Court may draw reasonable inferences from those allegations, *Roe*, 613 F.3d at 1061–62, but it cannot infer that generically pleaded injuries exceed $75,000 without knowing anything of their nature, severity, or associated cost. To supply that figure on this record would be to divine the amount in controversy "by looking at the stars." *Pretka*, 608 F.3d at 753–54 (quotation marks omitted). Reasonable inferences require a floor of facts. Here, there are none from which a $75,000 valuation reasonably follows.

State Farm's reliance on *Dart Cherokee* does not alter the analysis. That decision holds that a notice of removal need only contain a plausible allegation that the amount in controversy exceeds the threshold, and that a defendant need not attach evidence to the notice itself. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84, 89 (2014). But *Dart Cherokee* equally holds that once the allegation is questioned—as it has been here—"both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88. When called upon to make that showing, State Farm produced only a coverage ceiling. That is no proof that the amount in controversy exceeds $75,000. It is proof that Yoakam's recovery against State Farm is capped at $100,000, which is a different matter entirely. The amount in controversy is an estimate of the stakes, but the estimate must rest on more than the maximum a plaintiff could theoretically recover.

---

discrepancies signify. They matter here only insofar as the single document State Farm offered to satisfy its burden does not, on its face, establish the coverage that was in force at the time of the loss.

Because State Farm has not proven by a preponderance of the evidence that the amount in controversy exceeds $75,000, the requirements of 28 U.S.C. § 1332(a) are not met, this Court lacks subject-matter jurisdiction, and the action must be remanded. 28 U.S.C. § 1447(c).

## CONCLUSION

For the foregoing reasons, it is **ORDERED** as follows:

1.     This action is **REMANDED** to the Circuit Court of Montgomery County, Alabama, for lack of subject-matter jurisdiction; and,

2.     The Clerk of Court is **DIRECTED** to take the steps necessary to effectuate the remand and to **CLOSE** this case.

**DONE** and **ORDERED** on this the 7th day of August 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE

8